UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICARDO RAMIREZ-RAMIREZ,<br><br>  Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Case No.: 10-CR-00897-LHK<br>Civil Case No.: 14-CV-04405-LHK<br><br>**ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

On September 26, 2014, Petitioner Ricardo Ramirez-Ramirez ("Petitioner"), in *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 challenging his sentence and arguing that the Court erred "by failing to consider and explain why a term of supervision [sic] release was warranted in light of U.S.S.G. § 5D1.1." ECF No. 36 (Motion to Set Aside, Correct, or Vacate Sentence Pursuant to 28 U.S.C. § 2255) ("Petition") at 2.[1]

On October 13, 2014, the Court issued an Order directing the United States to respond.

---

[1] All ECF citations refer to Case No. 10-CR-00897-LHK, unless otherwise noted.

1

Case No.: 10-CR-00897-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

ECF No. 39.  The United States filed its Opposition on January 30, 2015.  ECF No. 40.  Petitioner filed a reply on March 23, 2015.  ECF No. 48.

## I. BACKGROUND

### A. Petitioner's Binding Plea Agreement

On January 30, 2013, with the assistance of counsel, Petitioner executed a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  ECF No. 20 ("Plea Agreement").  Rule 11(c)(1)(C) provides that where the parties "agree that a specific sentence . . . is the appropriate disposition of the case . . . such a recommendation or request binds the court once the court accepts the plea agreement."  The Plea Agreement provided, in part:

> The Defendant's Promises
>
> 1. I agree to plead guilty to Count One of the captioned indictment charging me with Illegal Re-Entry Following Deportation, in violation of 8 U.S.C. § 1326. . . .
>
> . . . .
>
> 3. I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government; and to pursue any affirmative defenses and present evidence.
>
> 4. I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution.
>
> 5. I agree to waive any right I may have to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective in connection with the negotiation of this Agreement or the entry of my guilty plea. . . .
>
> . . . .
>
> 7. I agree that the Court will use the Sentencing Guidelines to calculate my sentence. I understand that the Court must consult the Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I agree that the

2

Case No.: 10-CR-00897-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

Sentencing Guidelines offense level will be calculated as follows and that I will not ask for any other adjustment to or reduction in the offense level or for a downward departure or variance from the offense level and Guidelines range as determined by the Court.

| | |
|---|---|
| a. Base Offense Level:<br>   (U.S.S.G. § 2L1.2) | 8 |
| b. Specific offense characteristic:<br>   (U.S.S.G. § 2L1.2(b)(1)(A)(ii)) | +16 |
| c. Acceptance of Responsibility:<br>   (If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a three level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing.) | -3 |
| e. Adjusted offense level: | 21 |

8. I agree that a reasonable and appropriate disposition of this case, under the Sentencing Guidelines and 18 U.S.C. § 3553(a), and the sentence to which the parties have agreed, is as follows: a 70-month term of imprisonment, with 23-months considered time-served as of the date this sentence is imposed, a three-year term of supervised release, and a $100 special assessment.

. . . .

The Defendant's Affirmations

16. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney and that my attorney has provided me with all the legal advice that I requested.

17. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine that would impair my ability to understand the Agreement.

18. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any

3

Case No.: 10-CR-00897-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

>possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

Plea Agreement ¶¶ 1-19.

**B. Petitioner's Plea of Guilty**

On January 30, 2013, pursuant to the binding Plea Agreement, Petitioner pleaded guilty to one count of illegal re-entry following deportation. ECF No. 19 (Minute Entry).

During the plea colloquy, Petitioner and the Court engaged in the following exchange, in which Petitioner acknowledged that he understood his sentencing agreement and its consequences:

>THE COURT: All right. Sir, did you read this plea agreement?
>
>THE DEFENDANT: Yes.
>
>THE COURT: Did you understand it?
>
>THE DEFENDANT: Yes, I did.
>
>THE COURT: Did you have enough time to discuss this plea agreement with you attorney?
>
>THE DEFENDANT: Yes, I did.
>
>THE COURT: Was your attorney able to answer your questions about this plea agreement?
>
>THE DEFENDANT: Yes.
>
>THE COURT: Are you satisfied with the services that your attorney as provided to you?
>
>THE DEFENDANT: Yes.
>
>THE COURT: Other than the promises that are contained in this plea agreement, has anyone else promised you anything in order to get you to plead guilty today?
>
>THE DEFENDANT: No.
>
>THE COURT: Has anyone made any threats against you in order to get you to plead guilty?
>
>THE DEFENDANT: No.

4

Case No.: 10-CR-00897-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

> THE COURT: Is your decision to plead guilty free and voluntary?
>
> THE DEFENDANT: Yes, it is.
>
> THE COURT: Have you taken any drug or medication that affects your ability to understand what's happening today?
>
> THE DEFENDANT: No.

ECF No. 43 (Plea Tr.) at 5:13-6:14. The colloquy continued:

> THE COURT: Sir, you are – you have entered into what is referred to as a Rule C – 11(c)(1)(C) plea agreement, which means that you and the government have agreed to what your sentence should be.
>
> If I don't sentence you according to this agreement, you can withdraw your guilty plea.
>
> Do you understand that?
>
> THE DEFENDANT: Yes, I do.

ECF No. 43 (Plea Tr.) at 7:20-8:2.

The Court explained to the Petitioner that his plea agreement waived certain rights, including the right to appeal his sentence:

> THE COURT: If you were to go to trial and be convicted of this offense, you would have the right to appeal your conviction, the judgment, the sentence, any orders made by this court.
>
> But in paragraph 4 of this plea agreement, you're giving up your right to appeal.
>
> Do you understand that, sir?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You also have the right to file other types of motions or petitions attacking orders made by this court, your conviction, and you sentence.
>
> In your plea agreement in paragraph 5, you're giving up that right, except you are keeping the right to argue that your lawyer was not effective in negotiating this plea agreement and in your entry of a guilty plea.
>
> Do you understand that, sir?
>
> THE DEFENDANT: Yes, I do.

5

Case No.: 10-CR-00897-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

*Id*. at 10:1-17.

**C. Petitioner's Sentencing**

On July 17, 2013, Petitioner appeared with his counsel for sentencing. ECF No. 34. Petitioner was sentenced to 47 months (70 months less 23 months of time served), three years of supervised release, and a $100 special assessment. *Id.* The Court again informed Petitioner that he waived the right to appeal or file a collateral attack on his sentence:

> THE COURT: Let me also just state, Mr. Ramirez-Ramirez, you did give up your right to appeal in paragraph 4 of your plea agreement, and in paragraph 5 of your plea agreement, you gave up your right to file a collateral attack on your conviction or your sentence.

ECF No. 44 (Sentencing Tr.) at 19:24-20:3. A final judgment of conviction was entered on July 19, 2013. *See* ECF No. 35.

## II. DISCUSSION

### A. Standard of Review

A Section 2255 motion to set aside, correct or vacate a sentence of a person in federal custody entitles a prisoner to relief "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, [u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (alteration in original) (internal quotation marks omitted). A court need not hold an evidentiary hearing where the prisoner's allegations, when viewed against the record, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. *See United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996); *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004). Accordingly, an evidentiary hearing is required only if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is

6

1   entitled to no relief.  *See Howard*, 381 F.3d at 877.

2   **B.  Petitioner Waived the Right to Collaterally Attack His Sentence**

3   A defendant may expressly waive the statutory right to bring a Section 2255 motion

4   challenging the conviction or sentence.  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994).

5   Two claims that cannot be waived, however, are that the waiver itself was involuntary or that

6   ineffective assistance of counsel rendered the waiver involuntary.  *See Washington v. Lampert*,

7   422 F.3d 864, 870-71 (9th Cir. 2005).  Based on the language of the Plea Agreement, Petitioner

8   has waived his right to attack his sentence under Section 2255 on any basis other than ineffective

9   assistance of counsel.  *See* Plea Agreement ¶¶ 4-5; Plea Tr. at 10:1-17; Sentencing Tr. at 19:24-

10  20:3.  Petitioner, however, does not claim ineffective assistance of counsel in his Petition.

11  Neither does Petitioner challenge the voluntariness of his waiver of the right to collaterally

12  attack his sentence.  Nevertheless, the Court finds that Petitioner's waiver of the right to

13  collaterally attack his sentence pursuant to a binding plea agreement under Federal Rule of

14  Criminal Procedure 11(c)(1)(C) was knowing and voluntary.  Petitioner repeatedly acknowledged

15  that he was entering into the Plea Agreement knowingly and voluntarily.  In the binding Plea

16  Agreement, Petitioner affirmed that he: (1) "had adequate time to discuss th[e] case, the evidence,

17  and [the Plea Agreement] with [his] attorney;" (2) "was not under the influence of any alcohol,

18  drug, or medicine" when considering and signing the Plea Agreement; (3) was entering the Plea

19  Agreement "knowing the charges that have been brought against me, any possible defenses, and

20  the benefits and possible detriments of proceeding to trial."  Plea Agreement ¶¶ 16-18.  Petitioner

21  further confirmed "that [his] decision to plead guilty [was] made voluntarily," without threats or

22  coercion.  *Id.* ¶ 18.

23  During the plea colloquy, Petitioner reiterated that his plea was made knowingly and

24  voluntarily.  Petitioner also confirmed that he discussed the plea agreement with his counsel and

25  was satisfied with the services provided by his counsel.  Plea Tr. at 5:18-6:1.  The Court reminded

7

Case No.: 10-CR-00897-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

1 Petitioner that by accepting the Plea Agreement, Petitioner was waiving the right to collaterally
2 attack his sentence, and Petitioner confirmed that he understood that he was waiving this right. *Id.*
3 at 10:1-17. Petitioner further affirmed that he understood the Plea Agreement and that he was
4 entering the Plea Agreement voluntarily. *Id.* at 6:9-14 ("THE COURT: Is your decision to plead
5 guilty free and voluntary? THE DEFENDANT: Yes, it is. THE COURT: Have you taken any
6 drug or medication that affects your ability to understand what's happening today? THE
7 DEFENDANT: No.").

8 Nor is there any indication that Petitioner had any difficulty understanding the Plea
9 Agreement. Petitioner speaks English and was provided with an attorney both when reviewing the
10 Plea Agreement and at his change of plea hearing. *Id.* at 3:21-23 ("THE COURT: Mr. Ramirez-
11 Ramirez, you do not need the assistance of an interpreter; is that correct? THE DEFENDANT:
12 No, I don't need one.").

13 Because Petitioner knowingly and voluntarily waived the right to collaterally attack his
14 sentence on grounds other than ineffective assistance of counsel as part of his binding Plea
15 Agreement, the Court finds that the claim in the Petition are waived.

16 **C. Petitioner's Claims Lack Merit**

17 Even if Petitioner had not waived the right to collaterally attack his sentence, Petitioner's
18 claim that the Court erred in imposing a term of supervised release is without merit. First the
19 Court notes that Petitioner stipulated to the term of supervised release in his binding Rule
20 11(c)(1)(C) plea agreement. Plea Agreement at ¶ 8. Nonetheless, Petitioner now contends that the
21 Court erred by failing to consider and explain why a term of supervised release was warranted in
22 light of U.S.S.G. § 5D1.1(c) (2011), which directs that a district court ordinarily should not
23 impose a term of supervised release if the defendant is a deportable alien. Application Note 5 to
24 the Commentary Section to U.S.S.G. Section 5D1.1 provides:

25 > In a case in which the defendant is a deportable alien specified is
26 > subsection (c) and supervised release is not required by statute, the

8
Case No.: 10-CR-00897-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255

> court ordinarily should not impose a term of supervised release. Unless such a defendant legally returns to the United States, supervised release is unnecessary. If such a defendant illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution. The court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.

The Ninth Circuit has emphasized that the Guidelines' use of the word "ordinary" leaves the district court with discretion to impose "supervised release in uncommon cases where added deterrence and protection are needed." *United States v. Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012) (quoting *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012)).

Here, the Petitioner's circumstances were not "ordinary" for at least two reasons. First, Petitioner was already on supervised release for a prior federal illegal re-entry conviction at the time he committed the illegal re-entry which was the subject of his instant conviction. *See* Sentencing Tr. at 5:12-18, 8:9-11; ECF No. 34. At the same time that Petitioner was sentenced in the instant case, he admitted to illegal re-entry, a violation of a term of his prior federal illegal re-entry conviction's supervised release in Eastern District of California Case No. 13-CR-00323. ECF No. 34. Specifically, Petitioner admitted that he "illegally re-entered the United States and failed to report to the probation officer with 72 hours, which is a violation of special condition number 2 of your supervised release." Sentencing Tr. at 5:12-17. Petitioner was given a two-month concurrent sentence for his supervised release violation in Case No. 13-CR-00323. ECF No. 34. The Court was thus aware of the likelihood that Petitioner could illegally re-enter the United States, making the imposition of a term of supervised release appropriate for "added deterrence and protection." *Valdavinos-Torres*, 704 F.3d at 693.

Second, Petitioner has strong ties to the United States, which the Court recognized, making it more likely that he will return. The Court noted that "Mr. Ramirez-Ramirez has had all of his education in the U.S., he doesn't speak Spanish, he came to the United States when he was four,

9

Case No.: 10-CR-00897-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

1   and he has lived here in this district—correct, for 33 years." Sentencing Tr. at 16:5-9. *See also id.*

2   at 6:13-22 ("[PETITIONER'S ATTORNEY]: Mr. Ramirez-Ramirez is virtually a lifelong resident

3   of the United States. . . He has a good deal of family support from his U.S. citizen family

4   members. . ."). As the Ninth Circuit recognized in *Valdavinos-Torres*, affirming the district

5   court's imposition of supervised release, "family ties to the United States provide a legitimate

6   basis for the district court's findings" that "supervised release would provide an added measure of

7   deterrence and protection based on the facts of Valdavinos' case." 704 F.3d at 693.[2]

8       Because of the circumstances described above, imposing a term of supervised release was

9   within the Court's discretion to "provide an added measure of deterrence and protection based on

10  the facts and circumstances of [this] particular case." U.S.S.G. § 5D1.1, Application Note 5.

11  Accordingly, a term of supervised release was warranted in light of U.S.S.G. § 5D1.1(c), and the

12  Petition is denied.

13  **III. CONCLUSION**

14      For the foregoing reasons, the Court DENIES the Petition with prejudice. No certificate of

15  appealability shall issue, as Petitioner has not made a substantial showing of the denial of a

16  constitutional right, as required by 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to

17  enter judgment for Respondent and against Petitioner and close the file.

18

19  **IT IS SO ORDERED.**

20  Dated: April 6, 2015

21  _____
    *Lucy H. Koh*
22  LUCY H. KOH
    United States District Judge

23

---

[2] Petitioner also has an extensive criminal record, detailed in the Government's Opposition, which may also justify a term of supervised release. *See* ECF No. 40 at 3-5. Petitioner's Reply disputes certain aspects of the criminal history set forth in the Opposition, but does not address waiver, the prior re-entry conviction, or Petitioner's ties to the United States. *See* ECF No. 48.